IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY ALPER**<br>346 North Addition<br>Berkeley, CA 94720,<br><br>               Plaintiff,<br><br>    v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

(1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Justice to disclose requested records.

**Jurisdiction and Venue**

(2) This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**The Parties**

(3) Plaintiff Ty Alper is a resident of California.  He is a Clinical Professor of Law at U.C. Berkeley School of Law, where he also serves as the Co-Director of the Berkeley Law Clinical Program and the Co-Director of the Berkeley Law Death Penalty Clinic.  The Death Penalty Clinic faculty, working with clinical law students, represents indigent clients facing the death penalty in multiple jurisdictions across the country.  Since 2002, plaintiff has represented

Toforest Johnson, who was convicted of capital murder and sentenced to death in Birmingham, Alabama in 1998. Plaintiff is a member of the District of Columbia, California, Alabama, and Georgia bars.

(4) Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Federal Bureau of Investigation ("FBI") is a component of DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## Background

(5) Jefferson County Deputy Sheriff William G. Hardy was killed in the parking lot of the Crown Sterling Suites hotel in Birmingham, Alabama on July 19, 1995. Although the State presented no physical evidence or eyewitness connecting Toforest Johnson to the crime, and although Mr. Johnson has always maintained his innocence, he was convicted and sentenced to death for the murder of Deputy Hardy in 1998. The basis for his conviction was the testimony of one woman who claimed to overhear Mr. Johnson confess to the crime on a three-way phone call she was eavesdropping on.

(6) For the past 26 years, Mr. Johnson, through pro bono counsel, has litigated his appeals and post-conviction petitions in the state and federal courts. During that time, a number of prominent Alabama former judges and prosecutors have publicly spoken out about the need for a new trial in this case, including former Alabama Attorney General Bill Baxley, three former Alabama Chief Justices, several former Alabama governors, and former Alabama U.S. Attorney Joyce White Vance.

(7) Most significantly, both the current elected District Attorney in Jefferson County and the original lead trial prosecutor have also publicly called for a new trial. The District Attorney recently filed a pleading in Jefferson County Circuit Court stating that "[t]he evidence in this

case has unraveled over 20 years. . . .  A thorough review and investigation of the entire case leaves no confidence in the integrity of Johnson's conviction. The interest of justice demands that Johnson be granted a new trial."  However, the State of Alabama, represented by the Alabama Attorney General's Office, continues to defend Mr. Johnson's conviction and seek his death sentence.

### Plaintiff's FOIA Request and Request for Expedited Processing, and Defendant's Failure to Respond

(8) On February 15, 2024, plaintiff submitted a request for records through the FBI's electronic request system.  Plaintiff requested disclosure of all FBI records and information concerning the court case of *Alabama v. Toforest Johnson*, Case No. CC096-386.  Plaintiff's request was accompanied by a signed waiver and certification of identity from Toforest Johnson, his client.  In his FOIA request, plaintiff sought a waiver of processing fees, citing his affiliation with U.C. Berkeley School of Law.

(9) By letter dated February 20, 2024, the FBI acknowledged receipt of plaintiff's FOIA request and assigned it FOIA Request No. 1609683-001.  The FBI granted plaintiff's request to be treated as an educational institution requester for purposes of fee assessments.

(10) On May 7, 2024, well past the statutorily imposed 20 working day deadline for making a determination, the FBI wrote to plaintiff via email to inform plaintiff that the FBI has located approximately 513 pages potentially responsive to his request.  The FBI also informed plaintiff that the current average time to complete his request is "at least 67 months."  The FBI asked if plaintiff was willing to reduce the scope of his request to reduce the time it would take to complete it.

(11) By letter dated June 4, 2024, plaintiff, pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 CFR §16.5(e), asked the FBI to expedite its processing of his FOIA request. Plaintiff stated that he sought expedited processing "on the grounds that Mr. Johnson's substantial due process rights will be impaired by the failure to process this request immediately and that the information sought is not otherwise available." Plaintiff further stated that, "Now that the FBI has identified 513 potentially responsive pages of documents in its possession related to this case, it is imperative that Mr. Johnson gain access to these documents as soon as possible. He cannot wait 67 days, let alone 67 months. Alabama will execute him before that, and his due process rights will be irreparably violated."

(12) By letter to plaintiff dated June 11, 2024, the FBI informed plaintiff that his request for expedited processing based upon "[t]he substantial loss of due process of rights" was granted, as plaintiff had "provided enough information concerning the statutory requirements permitting expedition."

(13) By email sent on June 20, 2024, to the address provided in the FBI's letter of June 11, 2024, plaintiff asked the FBI to inform him of when he might expect to receive the requested records. To date, plaintiff has received no response to his inquiry.

(14) Notwithstanding the FBI's purported grant of plaintiff's request to expedite processing of his February 15, 2024, FOIA request, the FBI has failed to make a determination on the request, and it has not released any requested records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

(15) Plaintiff repeats and realleges paragraphs 1-14.

(16) Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA.

(17) Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

(18) Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DOJ and its component, FBI, to disclose all non-exempt records responsive to plaintiff's FOIA request immediately;

B. Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C. Provide for expeditious proceedings in this action;

D. Award plaintiff his costs and reasonable attorney's fees incurred in this action; and

E. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*

5