UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY ALPER,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 24-1837 (DLF) |

## **ANSWER**

Defendant, the U.S. Department of Justice (the "Department" or "Defendant"), by and through undersigned counsel, respectfully submits the following Answer to the Complaint filed by Plaintiff, Ty Alper, ECF No. 1, in this Freedom of Information Act ("FOIA") case. Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

    1.    This paragraph consists of Plaintiff's own characterization of this action, to which no response is required.

## JURISDICTION AND VENUE[1]

2. This paragraph contains allegations concerning jurisdiction and venue, which are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction and that this case is venue in this District is appropriate subject to the terms and limitations of the FOIA.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant admits that the Department is an agency of the United States Government headquartered at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530. Defendant admits that the Federal Bureau of Investigation ("FBI") is a component of the Department.

## BACKGROUND

5-7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 5 through 7.

8. Defendant admits that Plaintiff submitted a FOIA request on February 15, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's characterization of his FOIA request, to which no response is required. Defendant respectfully refers the Court to the FOIA request as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

9. Defendant admits that it acknowledged Plaintiff's FOIA request via letter dated February 20, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. But to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

characterization of Defendant's acknowledgement letter, to which no response is required. Defendant respectfully refers the Court to the acknowledgement letter as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

10. Defendant admits that is sent a communication to Plaintiff on May 7, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's characterization of Defendant's communication, to which no response is required. Defendant respectfully refers the Court to the communication as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

11. Defendant admits that Plaintiff sent a letter to Defendant on June 4, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's characterization of his letter, to which no response is required. Defendant respectfully refers the Court to the letter as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

12. Defendant admits that it sent a letter to Plaintiff on June 11, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's characterization of Defendant's letter, to which no response is required. Defendant respectfully refers the Court to the letter as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

13. Defendant admits that Plaintiff sent a letter to Defendant on June 20, 2024. The remainder of the allegations of this paragraph consist of Plaintiff's characterization of his letter, to which no response is required. Defendant respectfully refers the Court to the letter as it is the best evidence of its contents and denies all allegations inconsistent with the full text of the document.

14. Denied.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records

15. Defendant repeats and realleges its answers in Paragraphs 1-14.

16. Admitted.

17-18. The allegations of paragraphs 17 and 18 consists of Plaintiff's own conclusions of law, to which no response is required.

The remainder of the Complaint, including sub-paragraphs A through E, contains Plaintiff's requested relief to which no responses are required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent the requests exceed the relief authorized by FOIA, 5 U.S.C. § 552.

### Second Defense

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### Third Defense

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions in the FOIA or the Privacy Act, 5 U.S.C. §552a.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to attorney fees and costs in this matter.

Dated: August 7, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ Fithawi Berhane_____
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6653

*Attorneys for the United States of America*