UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY ALPER,

        Plaintiff,

    v.                                                                Civil Action No. 24-1837 (DLF)

DEPARTMENT OF JUSTICE,

        Defendant.

**COMBINED REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION .......................................................................................................... 1

ARGUMENT ................................................................................................................. 1

I.      Defendant Properly Withheld Information Pursuant to Exemption 7(A). ........................... 1

II.     The Remainder of the Bureau's Withholdings are Proper. ................................................... 4

III.    Defendant Performed an Adequate Segregability Analysis. ................................................. 7

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arab Am. Inst. v. Off. of Mgmt. & Budget*,
   Civ. A. No. 18-0871, 2020 WL 4698098 (D.D.C. Aug. 13, 2020) .......................................... 4
*August v. FBI*,
   328 F.3d 697 (D.C. Cir. 2003) ................................................................................................ 6
*Blackwell v. FBI*,
   646 F.3d 37 (D.C. Cir. 2011) ............................................................................................. 9, 10
*Boyd v. Crim. Div. of Dep't of Just.*,
   475 F.3d 381 (D.C. Cir. 2007) .............................................................................................. 10
*Budik v. Dep't of Army*,
   742 F. Supp. 2d 20 (D.D.C. 2010) ........................................................................................ 11
*Carson v. Dep't of Just.*,
   31 F.2d 1008 (D.C. Cir. 1980) ................................................................................................ 2
*Coastal States Gas Corp. v. Dep't of Energy*,
   617 F.2d 854 (D.C. Cir. 1980) ........................................................................................... 3, 4
*Coleman v. Lappin*,
   607 F. Supp. 2d 15 (D.D.C. 2009) ..................................................................................... 9, 11
*Comm. for Freedom of the Press v. FBI*,
   3 F.4th 350 (D.C. Cir. 2021) .................................................................................................. 7
*Food Mktg. Inst. v. Argus Leader Media*,
   588 U.S. 427 (2019) ............................................................................................................. 11
*Heggestad v. Dep't of Just.*,
   182 F. Supp. 2d 1 (D.D.C. 2000) ............................................................................................ 6
*Henderson v. Dep't of Just.*,
   157 F. Supp. 3d 42 (D.D.C. 2016) ...................................................................................... 8, 9
*In Re Subpoena Served Upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed.
   Rsrv. Sys.*,
   967 F.2d 630 (D.C. Cir. 1992) ................................................................................................ 4
*Juarez v. Dep't of Just.*,
   518 F.3d 54 (D.C. Cir. 2008) .................................................................................................. 5
*Jud. Watch, Inc. v. Dep't of Navy*,
   25 F. Supp. 3d 131 (D.D.C. 2014) .......................................................................................... 9
*Machado Amadis v. Dep't of State*,
   971 F.3d 364 (D.C. Cir. 2020) ................................................................................................ 3
*McKinley v. Bd. of Governors of the Fed. Reserve Sys.*,
   647 F.3d 331 (D.C. Cir. 2011) ................................................................................................ 6
*Nat'l Ass'n of Home Builders v. Norton*,
   309 F.3d 26 (D.C. Cir. 2002) .................................................................................................. 9
*Nat'l Immigr. Project of Nat'l Lawyers Guild v. ICE*, Civ. A.,
   No. 17-2448 (APM), 2020 WL 5798429 (D.D.C. Sept. 29, 2020)......................................... 8
*Petroleum Info. Corp. v. Dep't of Interior*,
   976 F.2d 1429 (D.C. Cir. 1992) .............................................................................................. 3

*Renegotiation Bd. v. Grumman Aircraft*,
   421 U.S. 168 (1975) ................................................................................. 3

*Rosenberg v. Dep't of Def.*,
   *Def.*, 442 F. Supp. 3d 240 (D.D.C., 2020) ............................................... 7

*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ............................................................... 7

Statutes

5 U.S.C. § 552(b)(5) ..................................................................................... 1

5 U.S.C. § 552(b)(6) ..................................................................................... 8

5 U.S.C. § 552(b)(7)(C) ............................................................................... 9

Pub. L. 98-473 .............................................................................................. 2

Defendant, the Federal Bureau of Investigation ("FBI" or "Bureau") respectfully submits this reply in further support of its motion for summary judgment (ECF No. 12, "Motion") and in opposition to Plaintiff Ty Alper's cross-motion for summary judgment (ECF No. 15, "Cross-Motion").

## INTRODUCTION

In its Motion, the Bureau demonstrated that it properly redacted information withheld under Exemptions 5, 6, 7(A), 7(C), 7(D), and 7(E) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5), while performing an appropriate segregability analysis. In its Cross-Motion, Plaintiff unpersuasively argues otherwise. *See generally* Pl.'s Cross-Mot (ECF No 15). Despite Plaintiff's continued challenge of the Bureau's withholdings and the adequacy of its segregability analysis, the Bureau has provided sufficient justification for its handling of Plaintiff's FOIA request. Thus, for the reasons provided in the Bureau's Motion and below, the Court should grant the Bureau summary judgment.

## ARGUMENT

I.    **Defendant Properly Withheld Information Pursuant to Exemption 7(A).**

Plaintiff's challenge of the Bureau's withholdings under Exemption 7(A) relies on only three arguments. Those arguments are premised on factual errors and reveal other critical weaknesses, and therefore they should be rejected by this Court.

Plaintiff's first argument is that the Bureau's Exemption 7(A) withholdings are improper because Toforest Johnson's murder case (which is the subject matter of the records sought in Plaintiff's FOIA request) is being prosecuted by the Jefferson County (Alabama) District Attorney's Office and is therefore unrelated to any ongoing federal litigation. *Id*. at 14-15. Plaintiff appears to believe that the mere fact that Plaintiff is not being prosecuted in a federal court or has not been convicted for the violation of any federal crime is sufficient to defeat the Bureau's

grounds for invoking Exemption 7(A) in this case. *Id*. But as is corroborated in Plaintiff's own Cross-Motion papers, Mr. Johnson currently has a pending post-conviction relief petition before the U.S. District Court of the Northern District of Alabama. Alper Decl. (ECF No. 16) ¶ 48. As such, it is simply inaccurate for Plaintiff to represent that Mr. Johnson's murder case is unrelated to any pending federal litigation.

Plaintiff's second argument is that the Bureau's "concerns about interference and confidentiality" are unfounded for the purposes of this FOIA litigation, because the Jefferson County District Attorney's Office—which purportedly employs an "open-file" discovery policy when prosecuting capital offences—has officially called for a re-trial of Mr. Johnson's murder case. Pl.'s Cross-Mot. (ECF No. 15-1) at 15-16. Among the many problems with Plaintiff's argument, however, is that the Bureau is not governed by Alabama state law or the trial practice of the prosecutors in the Jefferson County District Attorney's Office. The FOIA statute does not require the Bureau to apply or remove redactions to otherwise exempt material based upon the information that the Jefferson County District Attorney's Office supposedly may decide to release during Mr. Johnson's re-trial—that is, if that re-trial is ever even permitted to occur. *Id*. at 16 (explaining that, as of this time, Mr. Johnson has not been granted a re-trial). Additionally, Plaintiff's representations regarding the "open-file" discovery policy at the Jefferson County District Attorney's Office are entirely based upon hearsay allegations contained in the Declaration of Ty Alper (ECF No. 16), rather than in any acceptable evidence. *Id*. ¶ 53 (explaining that Plaintiff's statements regarding the "open-file" discovery policy are based exclusively on his own "information and belief"). The reality that a re-trial of Mr. Johnson's case may not occur, along with Plaintiff's failure to proffer any reliable evidence regarding the existence of the Jefferson

County District Attorney's Office's purported "open-file" discovery policy, are sufficient grounds to disregard Plaintiff's second argument.

Finally, Plaintiff's third argument is that the Court should overrule the Bureau's assertion of Exemption 7(A) because an indeterminate portion of the records subject to that withholding purportedly already have been released to Mr. Johnson. *See generally* Pl.'s Cross-Mot. (ECF No. 15-1). Because this argument is based exclusively upon Plaintiff's own conclusory allegations, it should not be afforded any credence by this Court. *See*, *e.g.*, Alper Decl. (ECF No. 16) ¶ 30 (reflecting Plaintiff's failure to specifically identify any of the purportedly released records). It is well-established that a "plaintiff asserting a claim of prior disclosure bears the 'initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld.'" *Shaffer v. Def. Intel. Agency*, 102 F. Supp. 3d 1, 9 (D.D.C. 2015) (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)); *accord Davis v. Dep't of Just.*, 968 F.2d 1276, 1280 (D.C. Cir. 1992) (holding that a plaintiff has the burden of showing "permanent public record of the exact portions" to establish waiver through prior disclosure). Moreover, even where some prior disclosure has been established by the plaintiff, the information must be (1) "as specific as the information previously released," (2) must "match the information previously disclosed," and (3) must have "already . . . been made public through an official and documented disclosure." *Cottone v. Reno*, 193 F.3d 550, 555 (D.C. Cir. 1999); *see Boening v. CIA*, 579 F. Supp. 2d 166, 171 (D.D.C. 2008) (requiring pin cites to any material plaintiff claimed was in public domain).

Because Plaintiff is unable to identify any of the records that supposedly have been released into the public domain prior to initiating suit before this Court, much less show that they are "as specific as" and "match" the withheld information, the Court should uphold the Bureau's withholdings under Exemption 7(A). *See Jud. Watch, Inc. v. Dep't of Def.*, 963 F. Supp. 2d 6, 13

(D.D.C. 2013) (agency had not waived ability to withhold names because, while plaintiff "claims that the five redacted names at issue here are in the public domain, [plaintiff] has not 'point[ed] to specific information . . . that duplicates that being withheld,' much less a 'permanent public record' in which those names have been 'disclosed and preserved'"); *Pub. Citizen v. Dep't of State*, 11 F.3d 198, 201 (D.C. Cir. 1995) ("plaintiffs cannot simply show that similar information has been released, but must establish that a specific fact already has been placed in the public domain"); *ACLU v. CIA*, 109 F. Supp. 3d 220, 241 (D.D.C. 2015) (rejecting plaintiff's waiver argument because "[plaintiff] has merely pointed to alleged disclosures of vaguely similar information, but has failed to identify officially disclosed information that 'precisely track[s]' or 'duplicates' the information it has requested"), *aff'd*, 640 F. App'x at 12 (holding that plaintiff failed to point to information that duplicates or matches that being withheld).

## II.    **The Remainder of the Bureau's Withholdings are Proper.**

In addition to challenging the Bureau's withholdings under Exemption 7(A), Plaintiff appears to challenge the Bureau's withholdings under Exemptions 5, 6, 7(C), 7(D), and 7(E), as well. Plaintiff's challenge of to such withholdings fundamentally relies on two arguments.

Plaintiff's first argument is that some indeterminate portion of the information withheld under Exemptions 5, 6, 7(C), 7(D), and 7(E) already has been released to Mr. Johnson previously, thereby undermining any basis for the Bureau's withholdings. Pl.'s Cross-Mot. (ECF No. 15-1) at 18-26. This argument has already been addressed above. Specifically, Plaintiff is unable to identify any withheld records purportedly released to the public anywhere in its Cross-Motion. *See supra*. Indeed, Plaintiff's challenge of the Bureau's Exemption 5 withholdings is emblematic of the essentially speculative nature of his argument, because it consists entirely of a single cursory footnote in which Plaintiff baselessly speculates that there is a "likelihood" that the withheld documents "mirrors information" that may have already been released to Mr. Johnson during his

4

criminal prosecution. Pl.'s Cross-Mot at 24 n.12. In other words, Plaintiff's Cross-Motion implicitly concedes that he cannot confirm or produce any evidence that any such records have been permanently released into the public domain at any time prior to this FOIA litigation. As such, the Court should reject Plaintiff's argument, which is not supported with the requisite evidentiary foundation.

Finally, Plaintiff's second argument is based upon the allegation that the Bureau has not provided sufficient information in support of its withholdings under Exemptions 6, 7(C), 7(D), and 7(E). *See generally* Pl.'s Cross-Mot. In a futile attempt to corroborate this argument, Plaintiff constantly inveighs against the Bureau's alleged failure to include a *Vaughn* index with its Motion, or else he repeatedly excerpts portions of the Declaration Michael G. Seidel (ECF No. 12-3) and, in an entirely conclusory fashion, mischaracterizes such excerpts as consisting exclusively of "boilerplate" justifications for the contested withholdings. First, as is the case here where the Seidel Declaration already provided substantial detail for the Bureau's withholdings, a *Vaughn* index is unnecessary, as the Court may determine by other means which exemption was applied and the reason for such withholding. *See Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977) ("The source, subject matter, and nature of each document were described separately, and although not individually stated for each document, it is clear from the nature of the documents and the single exemption asserted which justifications apply to which documents."); *Gallant v. NLRB*, 26 F.3d 168, 172-73 (D.C. Cir. 1994) (holding that the materials provided by the agency to justify a withholding "'may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege.'" (quoting *Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C. Cir. 1987)).

In any event, the Bureau now additionally refers the Court to a *Vaughn* index attached to the instant brief, which further details the bases for each of the Bureau's withholdings. Moreover, the Bureau notes that it would be inconsistent with the established law of this District to grant Plaintiff summary judgment simply because the Bureau's declaration is inadequate in some respect. *See*, *e.g.*, *Kolbusz v. FBI*, Civ. No. 17-0139 (EGS), 2021 WL 1845352, at *27 (D.D.C. Feb. 17, 2021) (holding that the appropriate remedy when an agency defendant's declaration fails to justify its FOIA exemptions is to deny it summary judgment without prejudice and to grant it leave to file a supplemental declaration); *Dent v. Exec. Off. for U.S. Attys.*, 926 F. Supp. 2d 257, 273 (D.D.C. 2013) (holding same); *Banks v. Dep't of Just.*, 813 F. Supp. 2d 132, 146 (D.D.C. 2011) (holding same); *Whittaker v. Dep't of Just.*, Civ. No. 18-1434 (APM), 2019 WL 2569915, at *3 (D.D.C. Jun. 21, 2019) (holding same); *Elec. Privacy Info. Ctr. v. Customs & Border Prot.*, 160 F. Supp. 3d 354, 361 (D.D.C. 2016) (holding same); *Long v. Immigr. & Customs Enf't*, 149 F. Supp. 3d 39 (D.D.C. 2015) (holding same); *Jett v. FBI*, 139 F. Supp. 3d 352, 365 (D.D.C. 2015) ("Notwithstanding the inadequacy of the Hardy Declaration, the court nevertheless finds, based on its own in camera review of the material at issue, that the FBI properly invoked Exemption 7(E).").

Accordingly, the Bureau instantly relies upon the Seidel Declaration as well as the attached *Vaughn* index and asserts that Plaintiff has not provided any plausible or non-conclusory argument that controverts the Bureau's showings concerning the withholdings' adequacy. *See*, *e.g.*, *Holmes-Hamilton v. FBI*, Civ. No. 21-2927 (TNM), 2024 WL 3924558 (D.D.C. Aug. 23, 2024) (granting the Bureau judgment after it satisfied the "relatively low" bar for justifying its Exemption 7(E) withholdings). Ultimately, FBI is entitled to judgment on its withholdings to the extent that Plaintiff's challenge is based upon meritless allegations directed against the Seidel Declaration. But should the Court decide that there is some merit in Plaintiff's objections, the Bureau

respectfully requests that it be granted leave to submit a supplemental declaration to rectify any identified deficiencies.

### III.  **Defendant Performed an Adequate Segregability Analysis.**

Plaintiff appears to dispute the adequacy of the Bureau's segregability analysis. Pl.'s Cross-Mot. (ECF No. 15-1) at 24-25. In general, however, Plaintiff fails to appreciate that the Bureau's application of Exemption 7(A) is a categorical denial of the records otherwise responsive to the FOIA request, under which all the records at issue in this case are being withheld in full. *See supra*. Said another way, there are no reasonably segregable portions of the aforesaid records to the extent that all the records are exempt under Exemption 7(A) and foreseeable harm would result from their release, namely, interference with an ongoing law enforcement proceeding. And because Plaintiff has failed to adduce any argument to support a successful challenge of the Bureau's Exemption 7(A) withholdings, Plaintiff's challenge to the FBI's segregability analysis fails.

### CONCLUSION

For the reasons set forth above, and those in the Bureau's moving papers, the Bureau respectfully requests that the Court enter summary judgment in its favor.

Date: February 20, 2025
Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  _____/s/ Fithawi Berhane_____
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*