IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY ALPER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1837 (DLF) |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

The parties have cross-moved for summary judgment in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In his opening brief, ECF No. 14, plaintiff demonstrated that the Federal Bureau of Investigation ("FBI") has failed to justify its attempt to withhold, on a categorical basis, all agency records responsive to his records request. In its latest submission, ECF No. 18, defendant has not even tried to address the numerous deficiencies plaintiff identified, instead continuing to advance irrelevant, boilerplate arguments that bear no relationship to the unique circumstances present here and ignoring plaintiff's proof concerning the large amount of information already known about the underlying Alabama state prosecution.

**I. The "Categorical" Withholding of Records Under Exemption 7(A) is Improper**

Plaintiff's opening brief surveyed the caselaw governing agency claims that *all* responsive records may be withheld on a categorical basis, and demonstrated defendant's failure to meet its burden under the relevant authority. ECF No. 14 at 13–17. Rather than respond to plaintiff's arguments, the agency seeks to distort them.

Plaintiff pointed out that the FBI's declarant mistakenly believes that plaintiff's client, Mr. Johnson, was the subject of "prosecution . . . in United States District Court for the murder of a Jefferson County Deputy." *Id*. at 14–15 (*quoting* Decl. of Michael G. Seidel (ECF No. 12-3) ¶ 33). In response, the agency does not acknowledge the error but instead doubles down, asserting that "Mr. Johnson currently has *a pending post-conviction relief petition* before the U.S. District Court of the Northern District of Alabama." ECF No. 18 at 6 (emphasis added). If the Bureau seeks to suggest that a federal habeas proceeding regarding a state prosecution somehow implicates a *federal* law enforcement interest within the purview of FOIA Exemption 7(A), it cites no authority to that effect and plaintiff is not aware of any such authority.

Next, plaintiff noted that the court of appeals has long held that "[t]here are limits . . . to when categorical [withholding] rules may be employed" and that "[o]nly when the range of circumstances included in the category 'characteristically support[s] an inference' that the statutory requirements for exemption are satisfied is such a rule appropriate." ECF No. 14 at 16, *quoting Nation Magazine v. U.S. Customs Serv*., 71 F.3d 885, 893 (D.C. Cir. 1995) (other citations omitted). Plaintiff pointed out that in this case, the "range of circumstances" includes the strong possibility that many of the withheld records contain the names of, and information derived from, individuals who testified publicly at trial or whose involvement in the prosecution of Mr. Johnson is already a matter of public record and well-known to his defense team. *Id*. at 17.

Rather than address plaintiff's argument—or even discuss *Nation Magazine* and other cited authority—the agency inexplicably characterizes plaintiff's representations concerning the information in the possession of Mr. Johnson's defense team as "hearsay." ECF No. 18 at 6.

The Bureau misses the point: plaintiff is Mr. Johnson's defense counsel and he has represented under oath that "the State has already been ordered to turn over its entire investigation file in this case and has already disclosed thousands of unredacted investigative documents to Mr. Johnson's counsel, including unredacted FBI records." ECF No. 14 at 16.[1] That fact—no matter how strenuously the agency seeks to ignore it—directly undercuts defendant's assertion that disclosure of *any* information responsive to plaintiff's FOIA request would somehow interfere with a law enforcement proceeding.

Finally, defendant's failure to grasp the import of the prior disclosures leads it to assume that plaintiff is making an argument he has not raised. The agency states the longstanding rule that a "plaintiff asserting a claim of prior disclosure bears the 'initial burden' of pointing to specific information in the public domain that appears to duplicate that being withheld," ECF No. 18 at 7 (original quote in *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)), and asserts that plaintiff has failed to do so.

Defendant misapprehends plaintiff's argument and the significance of the vast quantity of information in the hands of Mr. Johnson's defense team. Plaintiff has not invoked the so-called "public-domain doctrine," *see*, *e.g.*, *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999), under which "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Id*. Rather, plaintiff asserts that the *categorical* withholding of *all* responsive information under Exemption 7(A) cannot be sustained because the "range of circumstances," *Nation Magazine*, 71 F.3d at 893, includes the strong

---

[1] Plaintiff noted in his opening brief that the FBI's declarant, Mr. Seidel, appears to be unaware of the fact that "state prosecutors, at the direction of the state court, have already provided the defendant [Mr. Johnson] and his attorneys with the State's entire unredacted investigative file." *Id*. at 14 n.7. In its response, the Bureau does not dispute that observation and instead seeks to discredit the validity of plaintiff's sworn representation.

3

possibility that many of the withheld records contain information that is a matter of public record and well-known to the defense team, given the multiple proceedings that have occurred over the past 30 years. Put another way, the vast body of information long available to Mr. Johnson's defense team wholly undercuts the FBI's speculative and misinformed assertion that disclosure of the withheld material would somehow harm a pending or anticipated law enforcement proceeding. As the D.C. Circuit has explained,

> although we give deference to an agency's predictive judgment of the harm that will result from disclosure of information, it is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings; "it must rather demonstrate *how* disclosure" will do so.

*Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Justice ("CREW")*, 746 F.3d 1082, 1098 (D.C. Cir. 2014) (citations omitted); *see also Lewis v. U.S. Dep't of the Treasury*, No. 17-cv-0943 (DLF), 2020 WL 1667656, at *4 (D.D.C. Apr. 3, 2020). The Bureau has not done that here.

## II. The Withholdings Under Exemptions 5, 6, 7(C), 7(D) and 7(E) are Improper

In his opening brief, plaintiff challenged the Bureau's withholdings under Exemptions 5, 6, 7(C), 7(D), and 7(E), largely on the same grounds he raised with respect to its categorical withholdings under Exemption 7(A): the agency has failed to demonstrate any harm from disclosure given the 30-year history of the underlying prosecution and the resulting airing of the relevant facts. In response, defendant repeats its misplaced "public-domain doctrine" argument, asserting that plaintiff "is unable to identify any withheld records purportedly released to the public." ECF No. 18 at 8.[2] Again, defendant misses the point: the FBI must "demonstrate *how*

---

[2] In support of his cross-motion, plaintiff submitted a 21-page declaration with six exhibits detailing the vast amount of information in the possession of Mr. Johnson's defense team, including a number of FBI records. ECF No. 14-2, ¶¶ 66-68. Defendant has chosen not to address that showing, instead dismissing it as "hearsay." ECF No. 18 at 6. Plaintiff has since

4

disclosure" will harm law enforcement interests, *CREW*, 746 F.3d at 1098, given the extensive previous disclosures concerning the Alabama prosecution.

The Bureau's invocation of FOIA's privacy exemptions is illustrative. As plaintiff has shown:

> Twenty individuals publicly testified in the criminal trial. Several more were identified in the extensive media coverage of the case. And at least a hundred more witnesses were identified by name in the investigative files to which Mr. Johnson's legal team already has access.

ECF No. 14 at 20 (citing plaintiff's declaration). The D.C. Circuit considered similar facts in *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Justice*, 854 F.3d 675 (D.C. Cir. 2017), where the agency sought to categorically withhold information concerning "individuals who have already been publicly identified—either through agency press releases or testimony in open court—as having been charged, convicted or otherwise implicated in connection with the public corruption investigation" concerning former Representative Tom DeLay. *Id*. at 682. Noting that the FOIA requester "attached eight press releases to its briefing before the District Court, containing the names of sixteen such individuals," the court held that "these individuals have a diminished privacy interest in certain information that may be contained in the records at issue, and therefore the categorical rule of non-disclosure . . . does not apply to them." *Id*.; *see also Elec. Frontier Found. v. Dep't of Justice*, 384 F. Supp. 3d 1, 15 (D.D.C. 2019) (agency "must account for the privacy interests at stake, recognizing that previous disclosures or admissions may have diminished those interests."); *Nova Oculus Partners, LLC v. U.S. Sec. & Exch. Comm'n*, 486 F. Supp. 3d 280, 288 (D.D.C. 2020) (same).

---

identified additional FBI material contained in the state prosecution files provided to Mr. Johnson's defense team. Supplemental Declaration of Ty Alper (filed herewith).

By failing to take into account the great deal of information concerning the prosecution of Mr. Johnson that is publicly known, the FBI has not even attempted to assess the extent to which "previous disclosures or admissions may have diminished" the interests it purports to be protecting. To repeat once again, it is not sufficient for the agency to simply assert that disclosure will harm law enforcement interests; "it must rather demonstrate *how* disclosure" will do so. *CREW*, 746 F.3d at 1098.

### III.     The FBI Did Not Satisfy FOIA's Segregability Requirement

The Bureau submitted a one-paragraph, boilerplate statement in support of its claim that it had complied with FOIA's requirement that it segregate and release all non-exempt material contained in the requested records. Plaintiff noted the clear inadequacy of that statement. ECF No. 14 at 25, *citing Beltranena v. Clinton*, 770 F. Supp. 2d 175, 186 (D.D.C. 2011) (agency did not meet its burden where its "only explanation as to how it met the segregability requirement is one blanket statement in the last paragraph of [its] declaration").

In response, defendant asserts that "there are no reasonably segregable portions . . . to the extent that all the records are exempt under Exemption 7(A) and foreseeable harm would result from their release, namely, interference with an ongoing law enforcement proceeding." ECF No. 18 at 11. As the record demonstrates, the FBI has not met its burden of showing any kind of "foreseeable harm," let alone such that would justify its withholding of all responsive material on a categorical basis.[3]

---

[3] Accompanying its response, defendant submitted a *Vaughn* index. ECF No. 18-2. While the new submission allows plaintiff and the court to ascertain the number of pages for which the FBI asserts various exemptions, it does not cure any of the deficiencies plaintiff has identified in his briefing.

6

**Conclusion**

For the foregoing reasons, and those set forth in plaintiff's opening brief, the court should find that defendant has failed to support its attempt to "categorically" withhold *all* responsive information under Exemption 7(A), and to withhold portions of the material under other FOIA exemptions. Defendant's motion for summary judgment should be denied, plaintiff's cross-motion for summary judgment should be granted, and an order should be entered requiring the disclosure of the withheld material. Both parties agree that this matter is entitled to expedited treatment to prevent "[t]he loss of substantial due process of rights," ECF No. 12-4 at 37. As such, plaintiff respectfully requests expeditious resolution of the pending motions.

Dated: March 6, 2025                                  Respectfully submitted,


  */s/ David L. Sobel*
DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*