UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY ALPER,

            Plaintiff,

      v.

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

Civil Action No. 24-1837 (DLF)

**OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR
SUMMARY JUDGMENT AND PARTIAL MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

I.   Plaintiff Has Failed to Offer Any Reason for the Court to Reconsider its Order Regarding
     Exemption 5. ....................................................................................................................... 1

II.  Defendant Properly Withheld Information Pursuant to Exemptions 6 and 7(C)...................... 3

CONCLUSION............................................................................................................................. 5

# TABLE OF AUTHORITIES

<u>Cases</u>

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
    906 F.2d 1185 (7th Cir. 1990) ................................................................................................. 2
*Cobell v. Norton*,
    224 F.R.D. 266 (D.D.C. 2004) ........................................................................................... 1, 2
*Cobell v. Norton*,
    355 F. Supp. 2d 531 (D.D.C. 2005) ....................................................................................... 1
*Fitzgibbon v. CIA*,
    911 F.2d 755 (D.C. Cir. 1990) ............................................................................................... 3
*Jordan v. Dep't of Just.*,
    Civ. A. No. 17-2702 (RC), 2019 WL 2028399 (D.D.C. May 8, 2019) ................................. 2
*Shapiro v. Dep't of Just.*,
    40 F.4th 609 (D.C. Cir. 2022) ............................................................................................ 3, 4
*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ..................................................................................................... 2
*Shvartser v. Lesker*,
    330 F. Supp. 3d 356 (D.D.C. 2018) ....................................................................................... 2

<u>Statutes</u>

5 U.S.C. § 552(b)(5) ..................................................................................................................... 1

<u>Rules</u>

Fed. R. Civ. P. 54(b) ..................................................................................................................... 1

Defendant, the Federal Bureau of Investigation ("Bureau" or "Defendant"), respectfully submits this opposition to the combined renewed motion for summary judgment and motion for reconsideration (ECF No. 26, "Mot.") filed by Plaintiff, Ty Alper.[1]

## INTRODUCTION

This is a case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5). On September 2, 2025, Plaintiff filed a motion for reconsideration of the Court's Memorandum Opinion and Order (ECF Nos. 21-22) granting the Bureau summary judgment with prejudice as to its withholdings under Exemption 5 and upholding in the main the Bureau's Exemptions 6 and 7(C) withholdings based on the current record. *See generally* Pl.'s Mot. (ECF No. 26). For the reasons provided below, the Court should deny Plaintiff's motion in its entirety.

## ARGUMENT

**I.    Plaintiff Has Failed to Offer Any Reason for the Court to Reconsider its Order Regarding Exemption 5.**

Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case. *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). A Court may permit revision "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). Justice may require revision if a Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or

---

[1]    For the sake of judicial and party efficiency, the Bureau incorporates by reference herein its initial motion for summary judgment (ECF No. 12).

significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks omitted)).  Errors of apprehension include a Court's failure correctly to consider "controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A "court's discretion under Rule 54(b) is 'limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Jordan v. Dep't of Just.*, Civ. A. No. 17-2702 (RC), 2019 WL 2028399, at *2 (D.D.C. May 8, 2019) (citation omitted).  "[A] Rule 54(b) motion cannot be used 'to reargue facts and theories upon which a court has already ruled' or to 'present[] theories or arguments that could have been advanced earlier.'" *Shvartser v. Lesker*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) (citation omitted); *see also* Standing Order (ECF No. 3) at 5 (stating that "[m]otions for reconsideration of prior rulings are discouraged.").

Plaintiff makes no argument that there has been an intervening change of controlling law or clear error by the Court justifying reconsideration. Instead, Plaintiff contends that there is new evidence (i.e., in the form of the records released by the Bureau since the Court issued its decision on the parties' initial round of summary judgement briefing) to support his challenge against the Bureau's Exemption 5 withholdings. Pl.'s Mot (ECF No. 26) at 11-16. Plaintiff unpersuasively advances the argument that the Bureau's withholdings under Exemption 5 are invalid because the Bureau has released records that summarize the information contained in the records being withheld under Exemption 5. *Id*.

Plaintiff's contention seeks to prove too much. If the federal government were prevented from asserting Exemption 5 simply because mere summaries of withheld information may be

publicly available, the federal government could often be barred from invoking Exemption 5. Here, the Declaration of Shannon R. Hammer ("Hammer Decl.") clarifies that while "the released information shows that the [Bureau] consulted with [Department of Justice] counsel … it does not reveal the specific details of that communication or disclose the specific guidance that [Department of Justice] counsel provided to the [Bureau]." Hammer Decl. ¶ 18; *see also Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990) (stating that an agency waives FOIA Exemption 5 only if it previously released and made "public through an official and documented disclosure" information that "match[es]" and is "as specific" as the information requested by the plaintiff). Given the applicable case law and the representations of the Hammer Declaration, which is entitled to "a presumption of good faith," *see Shapiro v. Dep't of Just.*, 40 F.4th 609, 613 (D.C. Cir. 2022) (cleaned up), the Court should deny Plaintiff's motion for reconsideration.

## II.    Defendant Properly Withheld Information Pursuant to Exemptions 6 and 7(C).

In its Memorandum Opinion (ECF No. 22), the Court generally upheld the Bureau's withholdings under Exemptions 6 and 7(C), although it permitted Plaintiff to move a second time for summary judgment with respect to such withholdings on the condition that he provide a supplemental declaration explaining why any public interest in the subject records should override the privacy interests being protected by the Bureau. Mem. Op. (ECF No. 22) at 2-8. Plaintiff's motion includes such a supplemental declaration (ECF No. 26-1). And yet, despite Plaintiff's efforts at supplementing the record, he fails to identify any reasons for why the Court should not grant the Bureau summary judgment on the Exemptions 6 and 7(C) withholdings.

Specifically, Plaintiff objects to the Bureau's invocation of Exemptions 6 and 7(C) because, in his view, the records over which these exemptions are asserted supposedly contain exculpatory information regarding Toforest Johnson, who is currently seeking post-conviction and habeas corpus relief in relation to his murder conviction and pending death sentence. Pl.'s Mot.

(ECF No. 26) at 3-11. If Plaintiff were able to make a clear and unambiguous showing that the release of the subject records would, for example, lead to the discovery of new evidence tending to exonerate Johnson from the crime for which he was convicted, Plaintiff's assertions might have force. But Plaintiff does not even assert that this is the case. Instead, his motion and supplemental declaration makes entirely conclusory claims regarding the assumed value of the subject records without in any way arguing that the records, if released, could be used to rebut the evidence utilized by the State of Alabama to prosecute and convict Johnson. *See generally id*.; *see also generally* Supp. Alper Dec. (ECF No. 26-1). As such, the Bureau respectfully refers the Court to the Hammer Declaration, which comprehensively explains why Plaintiff's challenge of the Exemption 6 and 7(C) withholdings is without merit. *See generally* Hammer Decl. The Court should deny Plaintiff's motion and uphold the Bureau's Exemption 6 and 7(C) withholdings for the reasons previously explained by the Bureau.

*        *        *

## CONCLUSION

For the reasons set forth above, and those in the Bureau's initial motion for summary judgment, the Bureau's respectfully requests that the Court enter summary judgment in its favor and deny Plaintiff's motion for summary judgment.

Date:  October 21, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By:    */s/ Peter C. Pfaffenroth*
      PETER C. PFAFFENROTH
      Assistant United States Attorney
      Deputy Chief, Civil Division
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 252-2513
      Peter.Pfaffenroth@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY ALPER,

        Plaintiff,

     v.

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

Civil Action No. 24-1837 (DLF)

## **[PROPOSED] ORDER**

Upon consideration of Plaintiff's Renewed Motion for Summary Judgment and Partial Motion for Reconsideration, the opposition thereto, any reply, Defendant's previously-filed motion for summary judgment (ECF No. 12), this Court's earlier Memorandum Opinion and Order (ECF Nos. 21 & 22), and the entire record herein, it is hereby

ORDERED that Plaintiff's motions are DENIED, and it is further

ORDERED that summary judgment is GRANTED in Defendant's favor as to material withheld under Exemption 6 and 7(C), and it is further

ORDERED that Plaintiff's motion to reconsider the grant of summary judgment in Defendant's favor as to the material withheld under Exemption 5 is DENIED.

This is a final, appealable order.

SO ORDERED.

_____
Date

_____
United States District Court Judge