**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TY ALPER,<br><br>   *Plaintiff*,<br><br> v.<br><br>DEPARTMENT OF JUSTICE,<br><br>   *Defendant.* | No. 24-cv-1837 (DLF) |

## <u>MEMORANDUM OPINION</u>

On May 14, 2026, the Court granted in part and denied in part Alper's Renewed Motion for Summary Judgment and Motion for Partial Reconsideration. *Alper v. DOJ*, No. 24-CV-1837 (DLF), 2026 WL 1353821, at *8 (D.D.C. May 14, 2026); Order, Dkt. 31. The Court further ordered the Department of Justice to file "a supplemental declaration addressing in detail whether any non-privileged information in the documents withheld under Exemption 5 . . . is segregable and disclosable to Alper." Order, Dkt. 31. Before the Court is the Declaration of Christina L. Driver, the Acting Section Chief of the Record/Information Dissemination Section in the Federal Bureau of Investigation's Information Management Division, Decl., Dkt. 36, and the plaintiff's Response, Dkt. 37.

The Court finds that the Department's supplemental declaration adequately explains the nature of the withheld information, the reasons for withholding it under Exemption 5 as attorney-client privilege, and why there is no non-exempt information that can be reasonably segregated from the withheld records. The declaration states that the five withheld documents include "two nearly duplicate official letters" containing "written legal guidance and instruction" in response to a request from the FBI to DOJ counsel seeking guidance on how to submit a legally compliant

request under applicable Mutual Legal Assistance Treaties.  Decl. ¶¶ 8–9.  Attached to the two letters were three attachments that offered "useful examples relevant to the inquiry." *Id.* ¶ 8.

The plaintiff contends that the Department's declaration fails to explain why the withheld records do not contain segregable information and asks the Court to review the documents *in camera*.  *See* Resp. 2–4.  In the plaintiff's view, the Department's declaration is insufficiently detailed because the Department did not explain why the Department's coordination with the Jefferson County District Attorney's Office is not segregable.  *Id.* at 2.  Likewise, the plaintiff speculates that the three attachments may contain no more than "generic procedural guidance." *Id.*

The Court disagrees.  The declaration details how the coordination with the Jefferson County District Attorney's Office consisted of DOJ counsel providing the FBI with requested legal guidance that could be shared with the district attorney in the event it would be required to prepare a treaty request.  Decl. ¶ 8.  The declaration further attests that the attachments were examples "provided to the FBI by DOJ Counsel . . . in response to the FBI's request for legal guidance" and "made for the purpose of securing legal assistance." *Id.*  The plaintiff makes no allegation of bad faith, nor has he pointed to any other information in the record that rebuts the presumption of good faith.  The declaration is sufficiently detailed, and the Court accepts the declarant's representation that the withheld documents do not contain segregable and disclosable information. Dkt. 36.  *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007) ("Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material."); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("Agency affidavits are accorded the presumption of good faith.").  Where, as here, there is no allegation of bad faith, and an agency's declaration is sufficiently detailed to permit meaningful review, "[i]n camera review is generally disfavored." *PHE, Inc. v. DOJ*, 983 F.2d 248, 253 (D.C. Cir.

1993); *Lam Lek Chong v. DEA*, 929 F.2d 729, 735 (D.C. Cir. 1991); *Larson v. Dep't of State*, 565 F.3d 857, 869–870 (D.C. Cir. 2009).

For the foregoing reasons, plaintiff's request for an *in camera* inspection is denied. A separate order accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

July 2, 2026