UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY ALPER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-1837 (DLF) |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

## TABLE OF CONTENTS


ARGUMENT .......................................................................................................................... 1

I. Plaintiff's Billing Records Contain Evidence of Non-Compensable Work. .......... 3

II. Plaintiff's Billing Records Contain Evidence of Needless, and/or Duplicative Work. .......................................................................................................... 5

III. Plaintiff's Billing Records Are Vague. ................................................................. 6

IV. Plaintiff Improperly Seeks Fees for Work Not Supported by Contemporaneous Time Entries. .............................................................................................. 10

CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd*,
316 F. Supp. 3d 22 (D.D.C. 2018) .......... 2

*Abtew v. Dep't of Homeland Sec.*,
Civ. A. No. 13-1566 (ABJ), 2014 WL 2620982 (D.D.C. 2016) .......... 8

*Bd. of Trs. Of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*,
136 F.3d 794 (D.C. Cir. 1998) .......... 2

*Borum v. Brentwood Vill., LLC*,
Civ. A. No. 16-1723 (RC), 2020 WL 5291982 (D.D.C. Sept. 4, 2020) .......... 2

*Cerjan v. Fasula*,
539 F. Supp. 1226 (N.D. Oh. 1981) .......... 8

*Conservation Force v. Jewell*,
160 F. Supp. 3d 194 (D.D.C. 2016) .......... 1, 13

*Conservation Force v. Salazar,*
916 F. Supp. 2d 15 (D.D.C.2013) .......... 14

*Copeland v. Marshall*,
641 F.2d 880 (D.C. Cir. 1980) .......... 13

*Covington v. District of Columbia*,
57 F.3d 1101 (D.C. Cir. 1995) .......... 6, 9

*Cox v. District of Columbia*,
264 F. Supp. 3d (D.D.C. 2017) .......... 5

*CREW v. Dep't of Homeland Sec.,*
Civ. A. No. 08–1046 (JDB), 2010 WL 8971920 (D.D.C. Apr. 21, 2010) .......... 14

*DL v. District of Columbia*,
924 F.3d 585 (D.C. Cir. 2019) .......... 10

*Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec. ("EPIC II")*,
218 F. Supp. 3d 27 (D.D.C. 2016) .......... 2

*Eley v. District of Columbia*,
793 F.3d 97 (D.C. Cir. 2015) .......... 4, 6, 9

*English v. Washington Metro. Area Transit Auth.*,
323 F.R.D. 1 (D.D.C. 2017)........................................................................................ 2

*Environmental Defense Fund, Inc. v. Reilly,*
1 F.3d 1254 (D.C. Circ. 1993) ................................................................................... 12

*EPIC v. Dep't of Homeland Sec.*,
982 F. Supp. 2d 56 (D.D.C. 2013) ............................................................................. 12

*Gatore v. Dep't of Homeland Sec.*,
286 F. Supp. 3d 25 (D.D.C 2018) ................................................................................ 8

*Henao v. Smiths Detection, Inc.*,
Civ. A. No. 18-2564, 2019 WL 2476631 (D.D.C. June 13, 2019) ............................... 2

*J.T. v. District of Columbia*,
Civ. A. No. 19--989 (BAH), 2023 WL 355940 (D.D.C. Jan. 23, 2023)............................ 10, 11

*Judicial Watch, Inc. v. Dep't of Just.*,
878 F. Supp. 2d 225 (D.D.C. 2012) ............................................................................. 1

*Mattachine Soc'y of Washington, DC v. U.S. Dep't of Justice*,
406 F. Supp. 3d 64 (D.D.C. 2019) ............................................................................. 10

*Michigan v. EPA,*
254 F.3d 1087 (D.C.Cir.2001) ................................................................................... 15

*Miller v. Holzmann,*
575 F. Supp. 2d 2 (D.D.C. 2008) ............................................................................... 15

*Nat'l Ass'n of Concerned Veterans v. Sec'y of Def*,
675 F.2d 1319 (D.C. Cir. 1982) .............................................................................. 5, 7

*Platt v. District of Columbia*,
168 F. Supp. 3d 253 (D.D.C. 2016) ............................................................................. 5

*Reed v. District of Columbia*,
843 F.3d 517 (D.C. Cir. 2016) ................................................................................ 4, 5

*Role Models America, Inc. v. Brownlee,*
353 F.3d 962 (D.C. Circ. 2004) ................................................................................. 14

*U.F. v. District of Columbia*,
Civ. A. No. 19-2164 (BAH), 2020 WL 4673418 (D.D.C. Aug. 12, 2020) ............................... 9

*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc*,
786 F. Supp. 2d 110 (D.D.C. 2011) ........................................................................ 15
*Walker v. District of Columbia*,
317 F.R.D. 600 (D.D.C. 2016)................................................................................ 2
*Webster v. Dep't of Just.*,
Civ. A. No. 02-603 (RC), 2021 WL 4243414 (D.D.C. Sept. 17, 2021) .................................... 9
*Weisberg v. Dep't of Just.*,
745 F.2d 1476 (D.C. Circ. 1984) ........................................................................... 2

Defendant the Department of Justice, through its undersigned counsel, hereby opposes Plaintiff's Motion for Attorneys' Fees ("Motion" or "Pl.'s Mot."; ECF No. 41) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff demands $130,593.10 in attorneys' fees (and rising) and $405.00 in costs. *See id.* at 2. While Defendant does not instantly contest Plaintiff's eligibility or entitlement to fees, Plaintiff presently seeks an award of attorneys' fees and costs that is patently unreasonable.[1] Attached to this opposition is a fee chart prepared by Defendant consisting of a line-by-line examination of Plaintiff's time entries. *See generally* Ex. 1, Fee Chart. And as demonstrated by the fee chart, Plaintiff's time entries are vague, excessive, non-compensable, and otherwise improper. Even if the Court were inclined to award attorneys' fees and costs, it should award no more than $40,000.

Defendant is regretful that Plaintiff has opted to engage in "one of the least socially productive types of litigation imaginable"—namely, satellite attorney's fees litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 442 (1982) (Brennan, J., concurring in part and dissenting in part); *accord id*. at 437 (majority op.) ("a 'request for attorney's fees should not result in a second major litigation'" (cleaned up)). But Defendant has a duty to taxpayers and the public at large to resist a flawed fee demand. To accomplish that, it must bring these issues to this Court.

**ARGUMENT**

"[D]istrict courts retain the discretion to modify a fee award based on the reasonableness of the request and the particular facts of the case." *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 203 (D.D.C. 2016). "Thus, once a plaintiff successfully surmounts the eligibility hurdle, the

---

1 Plaintiff appropriately claims attorneys' fees pursuant to the hourly billing rates established by the Fitzpatrick Matrix, and therefore Defendant does not challenge the reasonableness of Plaintiff's billing rates.

fee inquiry becomes highly case specific." *Id.*; *see also Judicial Watch, Inc. v. Dep't of Just.*, 878 F. Supp. 2d 225, 239 (D.D.C. 2012) (examining whether the fees that were incurred were reasonable after determining plaintiff demonstrated eligibility and entitlement). Courts typically consider whether the billing rates are reasonable and whether the hours spent on various matters in the case are reasonable. *See, e.g., Bd. of Trs. Of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). "The party seeking fees has the . . . burden of establishing the reasonableness of the fees requested." *Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec. II ("EPIC II")*, 218 F. Supp. 3d 27, 38 (D.D.C. 2016). But "the Court retains discretion to adjust the lodestar amount based on other relevant factors." *Id.* at 47 (citing *Weisberg v. Dep't of Just.*, 745 F.2d 1476, 1499-1500 (D.C. Circ. 1984)).

Here, Plaintiff's billing records reflect approximately 123.2 total hours of time entries, collectively amounting to $114,126.10 in attorneys' fees. Pl.'s Mot. (ECF No. 41-1) at 6-9. Plaintiff also seeks an award of $16,467 for work supposedly performed relating to "the fee demand, related correspondence with government counsel, and the consequent extension motion," along with work pertaining "to the preparation of [his fee] motion[,]" *see id* (ECF No. 41-1) at 4, although Plaintiff's billing records noticeably fail to include any time entries for this work. *See generally id*. (41-1) at 6-9; *see also id*. at 4 (stating that [t]he itemized statement includes no time devoted to this fee application."). A plaintiff bears the "burden of establishing the reasonableness of [the] fee request," and its "[s]upporting documentation 'must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (quoting *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989)); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("a fee applicant bears the burden of establishing

entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates"). And because Plaintiff fails to carry his burden, the motion should be denied.

## I. <u>Plaintiff's Billing Records Contain Evidence of Non-Compensable Work</u>.

In determining a reasonable fee, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. 424 at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37; *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S 101, 109–10 (2017) (in allocating an attorney's time, the court may decide to reduce the amount of fees due by a certain percentage to reflect time spent on non-compensable tasks). And as a well-established rule, the Court is required to strike any time entries related to non-compensable work when calculating Plaintiff's fee award. *See*, *e.g.*, *EPIC v. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 238-239 (D.D.C. 2011) (ruling that work performed by a FOIA plaintiff pertaining to unsuccessful motions practice was non-compensable); *Louise Trauma Center LLC v. Dep't of Homeland Sec.*, Civ. No. 21-2371 (JDB), 2024 WL 3251225 at *5 (D.D.C. 2024) (holding same).

Here, it is evident that Plaintiff seeks fees for non-compensable work. Defendant's fee chart comprehensively identifies each of the non-compensable time entries contained in Plaintiff's billing sheet. *See generally* Ex. 1. As an example, Plaintiff's billing sheet reflects that he seeks full compensation for all work performed in relation to two rounds of summary judgment briefing, even though Plaintiff was only partially successful at each round. *Compare* Pl.'s Mot. (ECF No. 41-1) at 6-9 *with* Order (ECF No. 21) (granting Defendant's first motion for summary judgment on all its Exemption 5 and some of its Exemption 7(E) withholdings "with prejudice"; denying Plaintiff's first motion for summary judgment on Defendant's Exemption 6, 7(C), and 7(D) "without prejudice") and *with* Order (ECF No. 31) (denying Plaintiff's second motion for partial

reconsideration and summary judgment as to documents withheld by Defendant under Exemption 5). In crafting a reasonable fees award, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436; *see also Copeland v. Marshall*, 641 F.2d 880, 891- 92 (D.C. Cir. 1980) ("no compensation should be paid for time spent litigating claims upon which the party seeking the fee did not ultimately prevail"). In this case, Plaintiff only obtained partial success, as the Court, among other things, upheld all of Defendant's withholdings under Exemptions 5 and some of its withholdings under Exemption 7(E).

Plaintiff also implausibly seeks full compensation for work performed in relation to an opposition filed to Defendant's motion for an extension of time filed on May 18, 2026, *see* Pl.'s Mot. (ECF No. 41-1) at 9, even though the Court granted that motion on May 23, 2026. May 23, 2026, Min. Order. Finally, the billing sheet includes over five hours' worth of time entries for work entirely related to efforts Plaintiff took to exempt this case from the Standing Order issued by Chief Judge Boasberg in response to the government shutdown in late 2025. *See*, *e.g.*, Ex. 1, Lines 77-81.

What is indisputable under the law is that Plaintiff should not be allowed to recover fees for work performed by his counsel that did not lead to any favorable results. *See Anthony v. Sullivan*, 982 F.2d 586, 590 (D.C. Cir. 1993) ("[W]hen a party has obtained no favorable results in a particular aspect of a litigation, that party may receive no fee for work on that part of the case…even though the district court generally has wide discretion in calculating an appropriate fee, no fee may be granted for work done on claims on which the party did not prevail."). As such, the Court should reduce or exclude any time entries related to unsuccessful motions practice and for other non-compensable work, all of which are identified in Defendant's fee chart. *See* Ex. 1, Lines 32-47, 49-50, 66-88, 91, 100 (identifying at least forty-two entries that should be reduced or

entirely excluded for consisting of non-compensable work, with the entries amounting to 89.8 hours that are—with the exception of two entries—billed at a rate of $933 an hour). Such work should not be deemed compensable, particularly when the funds arise from the public fisc.

## II. <u>Plaintiff's Billing Records Contain Evidence of Needless, and/or Duplicative Work.</u>

A disproportionate amount of the 123.2 hours for which Plaintiff seeks attorneys' fees consist of needless or duplicative tasks that did not advance this litigation in any discernible manner. As such, the Court should exclude from any award fees that were unnecessarily incurred or excessive. *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60 (D.D.C. 2013) ("[T]his Court expects fee applicants to exercise billing judgment. Where applicants fail to do this, the Court will exclude 'hours that are excessive, redundant, or otherwise unnecessary' after considering the record."); *Env't Def. Fund, Inc. v. Reilly,* 1 F.3d 1254*,* 1258 (D.C. Circ. 1993) ("In deciding the reasonableness of the hours reported, we properly disallow 'time spent in duplicative, unorganized or otherwise unproductive effort.'"); *Conservation Force*, 160 F. Supp. 3d 194 at 203 ("it is important to note that, even after finding eligibility and entitlement, district courts retain the discretion to modify a fee award based on the reasonableness of the request and the particular facts of the case").

Here, counsel's time entries evidence a lack of billing judgment. *Copeland v. Marshall*, 641 F.2d 880, 902-03 (D.C. Cir. 1980) ("not allowable are hours that simply should not have been spent at all, such as where attorneys' efforts are unorganized or duplicative"). For example, Plaintiff's billing sheet includes hours of time entries for e-mails his counsel sent to the undersigned counsel that frequently amount to only a few words or sentences. *See*, *e.g.*, Ex. 1, Line 13 (reflecting that on August 12, 2024, Plaintiff billed 0.5 hours for an email consisting of only five words) (citation omitted). Plaintiff's billing records frequently includes time entries that are

entirely incommensurate with the relatively trivial amount of work performed on various status reports filed by the parties. *See*, *e.g.*, *id*., Line 25 (on September 27, 2024, Plaintiff billed 1.5 hours for a Joint Status Report consisting of three sentences that was largely prepared for by the Government's counsel) (citation omitted); *see also Env't Def. Fund*, 1 F.3d at 1259 (denying fees billed by one attorney because she had spent an "outrageously excessive amount of time" on certain tasks, including billing more than three hours on a task that should have taken one half hour, billing 31.3 hours for the preparation of a one-and-one-half page letter containing no detailed legal analysis, and spending almost a full workday "reviewing" a five-page draft motion).

Ultimately, as is discussed in detail below, Plaintiff's billing records often lack sufficiently descriptive details that would allow for a thorough assessment of whether each of the entries Plaintiff's counsel purportedly completed in relation to this case constitutes needless and/or duplicative work. Specific examples of needless and/or duplicative work are identified in the Defendant's fee chart (*see* Ex. 1), and Defendant requests that this Court reduce the hours claimed in Plaintiff's motion accordingly. *See*, *e.g.*, *Louise Trauma Center LLC*, 2024 WL 3251225 at *7 (reducing fee award by 50% for "improperly and excessively billed time.").

**III. <u>Plaintiff's Billing Records Are Vague</u>.**

It is axiomatic that insufficiently descriptive billing records merit a reduction in compensable hours for the purpose of assessing attorneys' fees. *CREW v. Dep't of Homeland Sec.,* Civ. A. No. 08-1046 (JDB), 2010 WL 8971920, at *2 (D.D.C. Apr. 21, 2010) (finding that time records such as "research, draft and final prep of plaintiff's opposition and cross-motion for SJ; confer w/ co-counsel […] lack the adequate detail that would permit the Court to evaluate whether CREW's fee request is justified"); *Conservation Force v. Salazar,* 916 F. Supp. 2d 15, 28 (D.D.C. 2013) (finding that "general descriptions," such as "Opposition to Motion to Strike,"

merit a reduction in hours compensated); *Role Models,* 353 F.3d at 971 (explaining that "generic entries" in which attorneys "billed simply for 'research' and 'writing,' or for time spent in teleconferences or meetings ... the purposes of which are not provided" are "inadequate to meet a fee applicant's heavy obligation to present well-documented claims") (internal quotation marks omitted); *Michigan v. EPA,* 254 F.3d 1087, 1095 (D.C. Cir. 2001) ("There are, in particular, numerous entries concerning meetings and conferences that, although they include information concerning the identities of the individuals involved, are nevertheless devoid of any descriptive rationale for their occurrence. Therefore, as we have done in similar circumstances in the past, after all other deductions have been taken we will make a further deduction of 10% of the remaining billings."); *Miller v. Holzmann*, 575 F. Supp. 2d 2, 36 (D.D.C. 2008). *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 786 F. Supp. 2d 110 (D.D.C. 2011) (finding that counsel's time records were "simply rife with ambiguous and nugatory entries" such as "reviewing and analyzing issues re strategy" and "preparing for trial," and concluding that the ambiguity of counsel's time entries warranted an across-the-board reduction).

Here, counsel's first-time entry on June 13, 2024, was for 0.7 hours for "[a]dvise client re potential FOIA litigation." *See* Ex. 1, Line 1. What follows is a veritable deluge of entirely non-descriptive billing entries that reference Plaintiff's counsel "advis[ing] client" about unspecified matters that may or may not even be related to this litigation. *See generally id*. Plaintiff concedes that some of his counsel's time entries are insufficiently descriptive, but he asserts that such time entries should still be compensated because any description of the work performed would compromise an attorney-client privilege. Pl.'s Mot. (ECF No. 41) at 4. Such arguments, however, are without merit. Neither Defendant nor the Court can assess the reasonableness of a time entry if no explanation of the work performed is provided, and Plaintiff cannot circumvent an established

legal requirement for recovering attorneys' fees by generically asserting an attorney-client privilege that is not even supported by a declaration, especially when Defendant was required to submit a declaration in defense of its own attorney-client privilege in relation to its Exemption 5 withholdings. *See*, *e.g.*, Seidel Decl. (ECF No. 12-3) ¶¶ 46-47; *see also Brock v. Pierce Cty.*, 476 U.S. 253, 262 (1986) (observing that the "protection of the public fisc is a matter that is of interest to every citizen"); *DRC, Inc. v. Republic of Honduras*, Civ. A. No. 10-0003 (PLF) (AK), 2011 WL 13257869, at *4 (D.D.C. Aug. 22, 2011) (stating that "the need for public access is strengthened when the records pertain to financial arrangements involving the public fisc"). Additionally, Plaintiff's billing sheet contains entries for large time increments that cursorily reference "revising," "reviewing," "studying," "reading," "preparing," "research[ing]," and "drafting" various documents without detailing what work was performed and how that work actually advanced this litigation in Plaintiff's favor. *See generally id*. It is no exaggeration to say that most of Plaintiff's time entries lack any description detail for the task performed, or why it was performed. For example, on October 15, 2025, Plaintiff's billing records contain a 1.5-hour time entry for "review of comparable docket (25-946)." *Id.*, Line 79. But in what way is the identified docket "comparable," and what was the reason to "review" it? Plaintiff's billing records offer no answers. *Cf. Role Models*, 353 F.3d at 971, 973 ("The law clerk's time records . . . give an identical one-line entry . . . on eight consecutive weekdays . . . Similarly inadequate are the numerous entries in which attorneys billed simply for 'research' and 'writing,' or for time spent in teleconferences or meetings—over one hundred in total—the purposes of which are not provided. . . [the] lead attorney also spent time after oral argument 'reviewing summary of argument,' 'reviewing cases,' and 'revising summary of argument,' but [ ] has not explained how these tasks helped it prevail" (cleaned up)); *Michigan*, 254 F.3d at 1093 ("A review of the billings finds that

there are indeed numerous deficient entries, such as those listed only as 'conference calls' with no indication of who these calls were with or what they concerned"); *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (per curiam) ("hours must be excluded . . . that are excessive, redundant or otherwise unnecessary" (cleaned up)); *Louise Trauma Ctr. LLC v. Dep't of Homeland Sec.*, Civ. A. No. 20-1128 (TNM), 2023 WL 3478479, at *6-7 (D.D.C. May 16, 2023) ("Other entries show that [plaintiff's] request is unreasonable. . .counsel spent more than 15.4 hours 'reviewing,' 'studying,' or 'organizing' the 'entire file'". . .The agency should not be billed for counsel's reading and re-reading of his own pleadings and FOIA requests. . .The Court cannot imagine a less helpful description.").

Further, block billing is "a method of 'time-keeping'" by which counsel "enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Cobell v. Norton*, 407 F. Supp. 2d 140, 159 (D.D.C. 2005) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir.1996)). These "lump[ed] together" time entries make it near "impossible to evaluate [each entry's] reasonableness." *Role Models e*, 353 F.3d at 971. As a result, "block billing is disfavored in this jurisdiction." *Cobell v. Jewell*, 234 F. Supp. 3d 126, 173 (D.D.C. 2017). And in this case, it is hard to find an entry that is not block-billed. *See generally* Ex. 1. It is true that some courts have declined to reduce a plaintiff's award for attorneys' fees if their block billing is not excessive and the block billed entries contain adequate descriptions of the work performed. *See*, *e.g.*, *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 158 (D.D.C. 2006). But the billing records presented here almost exclusively consist of block billed time entries that frequently lack sufficient descriptions of any work performed. *See supra*.

As such, the extensive blocking together of undetailed time entries does not allow the Court to determine whether the number of hours that Plaintiff submits is reasonable. Therefore, the Court should exclude or significantly reduce all offending time entries accordingly. A "court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37. Courts often apply such across-the-board reductions than scrutinize each individual fees entry. *See Am. Wrecking Corp. v. Sec'y of Lab.*, 364 F.3d 321, 329 (D.C. Cir. 2004); *Role Models*, 353 F.3d at 973.

## IV. Plaintiff Improperly Seeks Fees for Work Not Supported by Contemporaneous Time Entries.

In this Circuit, "fee applications" must "include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." In re Donovan, 877 F.2d 982, 994 (D.C. Cir. 1989) (per curiam). "[The D.C. Circuit] has been very explicit about what documentation is necessary to recover attorney fees." *Weisberg v. Webster*, 749 F.2d 864, 872 (D.C. Cir. 1984). Specifically, "[c]asual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees. Attorneys who anticipate filing a fee motion must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat. Ass'n of Concerned Veterans v. Sec. of Def.*, 675 F.2d 1319, 1327 (D.C. 1982). In addition, "courts in this District" have often required that attorneys bill in ten-minute or six-minute increments and "have reduced attorneys' fees on the grounds that billing in increments smaller than quarter-hours is more accurate." *Thomas ex rel. A.T. v. Dist. of Columbia*, 2007 WL 891367, at *4 (D.D.C.2007) (citing *Blackman v. Dist. of Columbia*, 59 F.Supp.2d 37, 44 (D.D.C. 1999)).

Here, Plaintiff's billing records include multiple examples of non-contemporaneous billing entries, which should be stricken from any award of attorneys' fees. *See*, *e.g.*, Ex. 1, Line 70 (an

August 28, 2025, entry relates to work performed in relation to the second round of summary judgment briefing, but the entry was palpably created (or, at a minimum, edited) *after* the Court issued its ruling on the second round of summary judgment briefing). Further, Plaintiff seeks an award of $16,467 for work supposedly performed relating to "the fee demand, related correspondence with government counsel, and the consequent extension motion," along with work pertaining "to the preparation of [his fee] motion." *Id*. (ECF No. 41-1) at 4. But as clarified above, Plaintiff's billing records do not include any time entries whatsoever, whether contemporaneous or non-contemporaneous, relating to the aforesaid work. Accordingly, the Court should decline to award Plaintiff any portion of the $16,467 he seeks in the form of attorneys' fees because they are not support by any time entries.

* * *

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion, or alternatively, reduce it and award no more than $40,000.

Dated: August 27, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Fithawi Berhane_*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*